# **<u>EXHIBIT 1</u>**

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | | **CASE NO.**<br>22-003828-CD<br>Hon. Sheila Ann Gibson |

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br>Moss, Carolyn | v | Defendant's name(s), address(es), and telephone no(s).<br>DTE Energy Company<br><br>1 Energy Plaza, Detroit, MI 48226 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Carla Dorsey Aikens 69530<br>615 Griswold St Ste 709<br>Detroit, MI 48226-3556 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

   been previously filed in ☐ this court, ☐ _____ Court,

   where it was given case number _____ and assigned to Judge _____.

   The action ☐ remains   ☐ is no longer pending.

| Summons section completed by court clerk. | **SUMMONS** |
|---|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>3/31/2022 | Expiration date*<br>6/30/2022 | Court clerk<br>Angila Mayfield |
|---|---|---|

                                                                             Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)        **SUMMONS**        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| SUMMONS |
|---|
| Case No. : **22-003828-CD** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:   (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                        Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                              Attachments
_____ on _____
                                           Day, date, time

_____ on behalf of _____ .

Signature

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

| | | |
|---|---|---|
| CAROLYN MOSS, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. – 22 –    - CD |
| | ) | |
| vs. | ) | HON. |
| | ) | |
| DTE ENERGY COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

There are no prior matters nor are any other matters pending between these parties.

**COMPLAINT**

PLAINTFF, CAROLYN MOSS ("Plaintiff"), by and through her attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint against DEFENDANT DTE ENERGY COMPANY ("Defendant" or "DTE").

**JURY DEMAND**

COMES NOW PLAINTIFF, CAROLYN MOSS, and hereby makes her demand for trial by jury.

**JURISDICTION**

1. At all times relevant to this action, Plaintiff Moss was a resident of Wayne County in the State of Michigan.

2. Defendant DTE is a Michigan corporation with its principal place of business at 1 Energy Plaza, Detroit, MI 48226.

3. All relevant actions giving rise to this complaint took place in Wayne County, State of Michigan.

4. This Court has jurisdiction over this action pursuant to M.C.L. § 15.363.[1]

5. All actions giving rise to this complaint took place in Wayne County, State of Michigan.

## VENUE

6. Venue is proper in the Circuit Court for the County of Wayne because that is the county in which all unlawful actions giving rise to Plaintiff's claims occurred, it is the county in which the claimant resides, and it is the county in which Defendant resides or has its principal place of business.

## STATEMENT OF FACTS

7. Plaintiff was first hired by Defendant in August of 2007 as a utility employee.

8. Plaintiff received several promotions during the time she was there, starting at a rate of $10/hour and was paid $25.87/hour at the time she was terminated.

9. Even at this increased rate, she was underpaid compared to the men in her department, including one who made $12 more per hour than she did.

10. Plaintiff was a good employee who had no issues with performance in her time with Defendant, until she began reporting issues.

---

[1] M.C.L. § 15.363 states, in pertinent part:
> (1) A person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged violation of this act.
>
> (2) An action commenced pursuant to subsection (1) may be brought in the circuit court for the county where the alleged violation occurred, the county where the complainant resides, or the county where the person against whom the civil complaint is filed resides or has her or her principal place of business.

11. In the interim, Plaintiff advised Defendant that she had a disability – no sense of smell – which caused her to be unable to smell gas, a critical part of her job of checking gas meters.

12. In her role, Plaintiff was sexually harassed and assaulted, which she reported to her supervisor, but nothing was done.

13. Plaintiff reported to management in gas field service that she was unable to smell, and provided medical documentation of the same, but no accommodation was provided.

14. Plaintiff even had surgery to try to correct the problem.

15. Plaintiff was eventually laid off without pay for a year and a half.

16. After Plaintiff complained to the EEOC, DTE found a job for Plaintiff in the meter shop, but after suffering harassment, Plaintiff filed an ethics complaint with the company.

17. Again, nothing was done about her complaint.

18. Plaintiff then left the meter shop to go to another department (GRAT) in the hopes of avoiding the harassment.

19. However, she was abruptly sent back to the meter shop, which had a new supervisor.

20. In this role, Plaintiff was forced to do the same job as a male for less pay.

21. Plaintiff also noticed that Defendant did not treat Black female employees the same way they did others, and brought this to the attention of Defendant's agents, but nothing was done.

22. Plaintiff was continually followed around the shop and harassed by the new supervisor.

23. In July 2021, Plaintiff then reported safety issues and unsafe work practices to corporate safety – specifically, that the meter baskets were severely damages and stacked too high, which could result in injury or death.

24. Management failed to correct the issues so Plaintiff reported the safety issues to MIOSHA.

25. On July 31, 2021, Plaintiff informed MIOSHA of the leaking gas meters leaving the meter shop to be installed, putting the public in danger.

26. Plaintiff was told by Defendant's agents that because GRAP is a government funded program, if she continued to question the integrity of the meters, she would be fired.

27. Plaintiff then became injured on or about August 3, 2021, after being forced to do a job she was not trained to do.

28. Plaintiff was then written up for reporting a safety violation and being injured.

29. The DTE doctor refused to prescribe pain medication to Plaintiff because he stated it would be an "OSHA recordable" event.

30. Over the course of the last year and a half, Plaintiff has been placed on last-chance agreements.

31. Plaintiff filed at least six grievances that were not addressed and have continued to not be addressed to the present time.

32. After Defendant finally agreed to hear one particular grievance, DTE Corporate Security came to her home to confiscate her laptop.

33. Plaintiff then was put under investigation for deleting documents from a personal file, which lasted over two months.

34. To keep her job, Plaintiff was asked to sign three different Last Chance Agreements, from December 21, 2021 to January 3, 2022.

35. On or about December 23, 2021, Plaintiff sent a letter to the Attorney General detailing these issues, which included that Defendant had an issue with Black female employees.

36. On January 3, 2022, Plaintiff was terminated, the same date of her workers' compensation hearing, in violation of discrimination and whistleblower laws.

37. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I
## VIOLATIONS OF THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT, M.C.L. 15.361 ET SEQ. ("WPA")

38. Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

39. Plaintiff is an employee, and Defendants are employers pursuant to and within the meaning of the WPA, MCL 15.361 et seq.

40. Plaintiff engaged in protected activity, as alleged in the statement of facts, however, specific instances include, but are not limited to:

    A. Complaints to Defendant's agents about safety matters;
    B. Complaints to government agencies about safety matters and racial discrimination;
    C. Prior complaint to EEOC regarding discrimination;
    D. Reports of sexual harassment.

41. Plaintiff was subsequently discriminated against when she was terminated for allegedly erasing files, which Plaintiff submits was not the real reason for termination.

42. At least a causal connection exists between the protected activity that Plaintiff engaged in and the discrimination she suffered.

43. Defendant may assert that it has a legitimate, nondiscriminatory reason for its adverse action, however, it is Plaintiff's position that this reason is pretextual as can be seen by what led up to her eventual termination.

44. As a result of Defendant's discriminatory, adverse action, Plaintiff suffered actual damages, compensatory damages, emotional damages, and damages to her reputation in her community and in her profession.

45. Plaintiff has been damages by Defendant in an amount to be proven at trial.

46. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## HARASSMENT BASED ON RACE IN VIOLATION OF
## THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

47. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

48. At all material times, Plaintiff was an employee, and Defendant her employer covered by, and within the meaning of, the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

49. A respondeat superior relationship existed because Plaintiff's supervisors had the ability to undertake or recommend tangible decisions affecting Plaintiff, and the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

50. Plaintiff, as an African-American woman, is a member of a protected class.

51. Plaintiff was subjected to discrimination on the basis of her membership in this protected class.

52. Defendant's conduct, as alleged more fully in the statement of facts, violated Michigan,

Elliott-Larsen Civil Rights Act MCL 37.2101 et seq., which makes it unlawful to harass or discriminate against an employee because of that employee's race and or the color of their skin.

53. This conduct was unwelcomed.

54. The unwelcomed conduct was intended to or in fact did substantially interfere with the Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

55. Plaintiff notified Defendant of the unwelcomed conduct and Defendant failed to remedy the situation.

56. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

57. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
### DISCRIMINATION BASED ON SEX AND GENDER IN VIOLATION OF THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

58. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

59. At all material times, Plaintiff was an employee, and Defendant was and employer covered by, and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

60. Defendant's conduct, as alleged herein, violated the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., which makes it unlawful to discriminate or harass a

person on the basis of their sex or gender.

61. A respondeat superior relationship existed because Plaintiff's supervisors had the ability to undertake or recommend tangible decisions affecting Plaintiff, and the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

62. Plaintiff, as a female, is a member of a protected class.

63. Unlike her coworkers, Plaintiff refused to exchange sexual favors with management to receive favorable treatment.

64. Plaintiff was subjected to communication and conduct on the basis of her status as a member of this protected class including, but not limited to, incorrect pay, failure to remedy harassment from other employees, address threats from others including sexual harassment, and providing false information to the police prior to terminating her.

65. The communication and conduct was unwelcomed.

66. The unwelcomed conduct or communication was intended to and in fact did substantially interfere with Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

67. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

68. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

69. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial. Plaintiff requests relief as described in the Prayer for

relief below.

## COUNT IV
### HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT ("ELCRA") ON THE BASIS OF GENDER

70. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

71. At all material times, Plaintiff was an "employee" and Defendant was an "employer" covered by, and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

72. Defendant's conduct, as alleged throughout this complaint, violated Michigan's Elliott-Larsen Civil Rights Act MCL 37.2101 et seq., which makes it unlawful to create a work environment that a reasonable person would consider intimidation, hostile, or abusive.

73. A respondeat superior relationship existed because Defendant, and its agents, had the ability to undertake or recommend tangible decisions affecting Plaintiff, and the authority to direct Plaintiff's daily work activity.

74. Plaintiff was subjected to offensive communication or conduct by Defendant and its agents.

75. That this offensive conduct included sexual harassment.

76. The unwelcomed conduct or communication was intended to, or in fact did, substantially interfere with Plaintiff's employment, and created an intimidating, hostile, or offensive work environment, as alleged throughout this complaint.

77. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

78. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

79. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V
## RETALIATION IN VIOLATION OF
## THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

80. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

81. At all material times, Plaintiff was an "employee," and Defendant was an "employer" covered by, and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

82. Defendant's conduct, as alleged herein, violated the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., which makes it unlawful to retaliate against an employee because she engaged in protected activity.

83. Plaintiff engaged in protected activity when she reported the multiple acts of harassment she consistently experienced from Defendant's employees, including sexual harassment.

84. Defendant and its agents were aware of the complaints filed by Plaintiff.

85. After Plaintiff engaged in protected activity, Defendant, by and through its agents, thereafter harassed Plaintiff and took several adverse employment actions against Plaintiff, including but not limited to:

   A. ostracizing Plaintiff;

   B. writing-up Plaintiff with false information;

   C. criticizing Plaintiff's work performance;

   D. subjecting Plaintiff to a hostile work environment;

   E. disciplining her;

   F. refusing to respond to Plaintiff's complaints of continued retaliation;

   G. making up false allegations against Plaintiff; and

   H. terminating Plaintiff's employment.

86. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

87. Plaintiff notified Defendant and its agents of the unwelcomed conduct or communication and Defendant failed to remedy.

88. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

89. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

90. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT VI**
**WRONGFUL DISCHARGE IN VIOLATION OF MICHIGAN PUBLIC POLICY**
**AS TO DEFENDANT**

91. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

92. It is the longstanding public policy of the State of Michigan that there are three exceptions to the employment at-will doctrine, and an employer can be found to be liable for wrongful discharge, where:

   A. Explicit legislative statements prohibiting the discharge, discipline or other adverse treatment of employees who act in accordance with a statutory right or duty;

   B. The alleged reason for the discharge was the failure or refusal of the employee to violate a law in the course or employment; and

   C. The reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment.

93. Plaintiff's discharge resulted from her complaints and reports of harassment from employees.

94. These rights are conferred to Plaintiffs by well-established legislative enactments, specifically including, but not limited to, ELCRA.

95. Moreover, ELCRA, has explicit language that prohibits the discharge, discipline, or other adverse treatment of Plaintiff.

96. Despite these protections, Defendant retaliated against Plaintiff for attempting to protect her statutory rights.

97. As a result of Defendant's actions, and consequent harms caused, Plaintiff has suffered such damages in an amount to be proven at trial.

98. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII
## PAY DISCRIMINATION IN VIOLATION OF THE ELCRA

1. Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

2. At all material times, Plaintiff was an employee, and Defendant was an employer covered by, and within the meaning of, the ELCRA.

3. A respondeat superior relationship existed because Defendant's agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

4. Plaintiff discovered in 2021 that she was being paid less than males who were doing the same job.

5. Defendant's similarly situated male employees were all paid more than Plaintiff, even with the same or less experience and educational background.

6. In failing to pay Plaintiff a wage equal to similarly situated employees, Defendant violated *ELCRA, MCL 37.2101 et seq.*, which makes it unlawful to pay employees of the opposite sex differently for equal work.

7. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

8. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

9. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VIII
## EQUAL PAY ACT – GENDER BASED WAGE DISCRIMINATION

10. Plaintiff incorporates by reference all allegations in the preceding paragraphs as alleged

13

herein.

11. At all material times, Plaintiff was an employee, and Defendant was an employer, within the meaning of Federal Standard Labor Act, 29 USC 206, et seq ("FLSA").

12. A respondeat superior relationship existed because Defendant's agents had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

13. Plaintiff discovered in 2021 that she was being paid less than males in her same position.

14. Defendant's similarly situated male employees were all paid more than Plaintiff, even with the same or less experience and educational background.

15. In failing to pay Plaintiff a wage equal to other similarly situated male employees, Defendant violated *Section 6 of the Fair Labor Standards Act, 29 USC 206(d),* which makes it unlawful to pay employees of the opposite sex differently for the same work.

16. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

17. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

18. Plaintiff requests relief as described in the Prayer for Relief below.

## **RELIEF REQUESTED**

PLAINTIFF, CAROLYN MOSS, RESPECTFULLY REQUESTS that this Court enter judgment against Defendants as follows:

1. Actual damages in whatever amount to which Plaintiff is entitled;

2. Declaratory relief to which Plaintiff may be entitled;

3. Exemplary and punitive damages in whatever amount to which Plaintiff is entitled;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: March 31, 2022

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D Aikens (P69530)
CARLA D. AIKENS, P.L.C.
*Attorneys for Plaintiff*
615 Griswold Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com

15

PLAINTIFF, CAROLYN MOSS, RESPECTFULLY REQUESTS that this Court enter judgment against Defendants as follows:

1. Actual damages in whatever amount to which Plaintiff is entitled;

2. Declaratory relief to which Plaintiff may be entitled;

3. Exemplary and punitive damages in whatever amount to which Plaintiff is entitled;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  March 31, 2022

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D Aikens (P69530)
CARLA D. AIKENS, P.L.C.
*Attorneys for Plaintiff*
615 Griswold Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com