UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN MOSS,

        Plaintiff,

                              Case No. 22-11294

v.

                              HON. DENISE PAGE HOOD

DTE ENERGY COMPANY,

        Defendant.
_____/

## ORDER REGARDING OBJECTIONS TO THE
## MAGISTRATE JUDGE'S JUNE 6, 2024 STATUS CONFERENCE ORDER

This matter is before the Court on Plaintiff Carolyn Moss's Objection[1] to the Magistrate Judge's June 6, 2024 Status Conference Order and Final Extension of Scheduling Order: Setting Deadline for Remaining Depositions and Extending Discovery Deadline. To date, Defendant DTE Energy Company has filed no response to the Objection, and the time to file such has passed. E.D. Mich. LR 72.1(d)(3).

The decision and order of a non-dispositive motion by the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must be made within 14 days of the entry of the order, must specify

---

[1] When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. LR 72.2.

the part of the order the party objects to, and state the basis for the objection. Fed.R.Civ.P. 72(a); E.D. Mich. LR 72.1(d). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants*, 889 F.Supp. 296, 298 (S.D. Ohio 1995).

After a review of the Magistrate Judge's Order, the Court finds that the Magistrate Judge did not clearly err in setting the deposition and discovery deadlines. It appears Moss is seeking to "clarify" that the depositions Moss noticed can be conducted prior to the completion of Moss's deposition. Because DTE did not file an opposition to this issue raised by Moss in her Objection and the Magistrate Judge's Order does not expressly indicate that any depositions scheduled by Moss cannot be scheduled prior to the completion of Moss's deposition, this Court finds that Moss may notice her depositions prior to the

completion of Moss's own deposition.

As to any follow-up written discovery by Moss, contrary to Moss's assertion in the Objections that "Plaintiff is not afforded any written discovery," the Magistrate Judge expressly noted, "[s]hould Plaintiff desire any follow-up written discovery, counsel must first attempt to reach a stipulation as to scope. If no agreement is reached, Plaintiff must obtain leave of court, upon a showing of good cause, to conduct any additional follow-up written discovery." (ECF No. 41, PageID.563) The Magistrate Judge did not clearly err in setting forth a process for Plaintiff to obtain any follow-up written discovery.

For the reasons set forth above,

IT IS ORDERED that the Magistrate Judge's June 6, 2024 Status Conference Order is AFFIRMED as more fully set forth above.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED:   July 12, 2024